IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LLANO FINANCING GROUP, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15 C 7689 |
| STEVEN L. SMITH, CRA, and ABSOLUTE APPRAISAL GROUP, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Llano Financing Group, LLC, has sued Steven L. Smith and Absolute Appraisal Group, Inc., asserting breach of contract and negligence claims arising from a real estate appraisal that defendants completed in 2007. Defendants have moved to dismiss Llano's complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated below, the Court grants defendants' motion, with leave to amend.

### Background

The Court takes the following facts from Llano's complaint, accepting them as true for present purposes. *See Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016); *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

In or around January 2007, Mitko Marguin applied for a loan from Impac Funding Corporation to refinance a mortgage on real estate located in Algonquin, Illinois. Allied Home Mortgage Capital Corporation, on behalf of Impac, ordered a written appraisal

report from defendants for the residential property Marguin planned to use as security for the loan.

In the appraisal, defendants certified that they performed the appraisal in accordance with professional standards, developed their opinions of the property's market value based on sales comparisons and reliable data, and took into account factors that would impact the property's value. They also certified that:

> [t]he borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties.

Am. Compl., dkt. no. 17, ¶ 18. Defendants appraised the property at $420,000. Shortly thereafter and in reliance on the accuracy of Kuehl's appraisal, Pinnacle funded a loan to Marguin in the amount of $247,000, secured by the property.

Following the economic collapse of 2008, Marguin—and hundreds of thousands of others like her—defaulted. Deutsche Bank National Trust Company, which by this point apparently owned the loan, foreclosed on the property on April 10, 2013. The property was sold on April 11, 2014, for substantially less than $420,000.

Llano's complaint alleges that defendants' appraisal was negligently prepared and contained material misrepresentations regarding the property and that as a result Marguin's loan was significantly under-secured. According to the complaint, the market value of the property at the time Impac funded the loan was far less than $420,000. Llano alleges that Impac would not have funded the loan had it known the true market value of the property. Although the price paid for the property is not indicated in the amended complaint, it is alleged that Deutsche Bank took a loss of $216,083.92.

Deutsche Bank, however, did not bring this suit—Llano did. Llano purports to sue in its capacity as an "agent" for Impac, the master servicer for Deutsche Bank. According to Llano's complaint, Deutsche Bank authorized Impac "to assign certain servicing functions and other duties to Savant LG, LLC," *id.* ¶ 3, including "any and all legal rights that it possessed to assert damage and negligence claims . . . against real estate appraisers and other tortfeasors . . . relating to certain loans [Impac] service[d], including [Marguin's loan]." *Id.* ¶ 4. Impac did this, and Savant in turn "delegated and assigned its duties, authority and legal rights to pursue" these tort claims against defendants to Llano. *Id.* ¶ 5.

Llano sued defendants on August 31, 2015, alleging breach of contract, negligent misrepresentation, and professional negligence. Llano amended its complaint on November 19, 2015. Defendants have now moved to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**Discussion**

Defendants contend that all of Llano's claims must be dismissed. First, defendants seek dismissal under Rule 12(b)(1), arguing that Llano has failed to allege facts that would permit the Court to exercise diversity jurisdiction. They also argue that Llano lacks standing to sue or is not the real party in interest under Rule 17 of the Federal Rules of Civil Procedure. Second, defendants move to dismiss under Rule 12(b)(6), contending that Llano has failed to state a cognizable breach of contract claim and that its tort claims lack sufficient detail and are time-barred under Illinois law.

**A.    Defendants' Rule 12(b)(1) motion**

Defendants begin by arguing that Llano has not adequately alleged that this

3

Court may exercise diversity jurisdiction in this case. Specifically, defendants argue that because Llano purports to bring this suit as an agent of Deutsche Bank and Impac, it must allege that these principals are completely diverse from defendants. Llano has not responded in any way to defendants' argument, and defendants ask in reply that the Court therefore grant their motion to dismiss.

Pointing to both the amended complaint and Llano's response to their motion to dismiss, defendants contend that Llano is merely Deutsche Bank and Impac's "agent" and therefore must plead those two parties' citizenship in order to invoke this Court's jurisdiction under 28 U.S.C. § 1332. Kuehl cites an unpublished Seventh Circuit case for the contention that when an agent sues on behalf of a principal on purely state law grounds, complete diversity must exist between the principal and the defendant for a federal court to exercise diversity jurisdiction. *See Minnesota Power & Light Co. v. Hockett*, No. 98-1099, 1999 WL 269755, at *3 (7th Cir. Apr. 23, 1999). Even assuming this is the precedential rule in the Seventh Circuit, the same might not be true where the plaintiff is not an agent to a principal, but is rather the full assignee of rights from an absent assignor. Resolution of this question might depend on whether Llano intended to describe itself not as an "agent" as that word is understood at common law, but rather as a "loan servicing agent" as that term is understood in the financial world.

Ultimately, this issue is wrapped up in the other issues of subject matter jurisdiction, for the Seventh Circuit has explained that "the citizenship of the real party in interest is determinative when deciding whether the district court has diversity jurisdiction." *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000). If Llano is merely suing as an "agent" of Impac and Deutsche Bank, then

4

those parties' citizenships are relevant and should be alleged; if Llano is in fact the real party in interest, the citizenship of the other parties is not relevant at all.

For the reasons stated in the Court's opinion in *Llano Financing Group, LLC v. Lendzion*, No. 15 C 7091, 2016 WL 930660, *3–5 (N.D. Ill. Mar. 11, 2016), the Court finds that although Llano has sufficiently alleged facts that demonstrate that it has constitutional standing, Llano's amended complaint does not adequately allege facts that establish it as the real party in interest or that defendants are not at risk of suit from Deutsche Bank, Impac, or Savant. Rule 17 provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). The Court will thus grant Llano twenty-eight days to amend its complaint again to attempt to cure this defect or to join the real party in interest if the right to sue is held by someone other than, or in addition to, Llano itself. If Llano chooses to amend and either joins other parties or claims to bring suit as an agent of one or more principals, Llano must also allege the citizenship of any such entities so that the Court may determine whether it has jurisdiction over this dispute.

### B.     Defendants' Rule 12(b)(6) motion

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering a motion to dismiss for failure to state a claim, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in

5

favor of the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). To state a viable claim, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants contend that Llano has failed to state a cognizable breach of contract claim. For the reasons stated in this Court's opinion in *Lendzion*, the Court agrees and dismisses Llano's breach of contract claim (count 1), with leave to amend. *See Lendzion*, 2016 WL 930660, at *5–7.

Defendants also argue that Llano's tort claims (counts 2 and 3) are untimely based on the statute of limitations contained in the Illinois Real Estate Appraiser Licensing Act of 2002 (REALA), 225 ILCS 458/15–30. Under REALA, licensed real estate appraisers "must comply with standards of professional appraisal practice adopted by the Department [of Financial and Professional Regulation]. The Department must adopt, as part of its rules, the Uniform Standards of Professional Appraisal Practice (USPAP) as published from time to time by the Appraisal Standards Board of the Appraisal Foundation." *Id.* § 10–10. The Department may take disciplinary action against appraisers who fail "to exercise reasonable diligence in developing, reporting, or communicating an appraisal." *Id.* § 15–10(a)(7). Under the statute of limitations contained in REALA,

> [n]o action may be taken under this Act against a person licensed under this Act unless the action is commenced within 5 years after the occurrence of the alleged violation or within 2 years after final disposition of any judicial proceeding, including any appeals, in which the appraiser

6

> provided testimony related to the assignment, whichever period expires last.

*Id.* § 15–30. Defendants contend that Llano's tort claims are essentially REALA claims because they allege that defendants did not abide by USPAP standards. For this reason, and because the alleged misrepresentation occurred more than five years before the commencement of this suit, defendants seek dismissal of Llano's tort claims.

REALA's statute of limitations is plainly inapplicable to this case. Section 15–30 is contained within the portion of REALA dedicated to disciplinary actions before the Department of Financial and Professional Regulation. It bars the Department from bringing a disciplinary action against a person who allegedly acted unlawfully more than five years earlier. The statute says nothing about civil actions by private parties. Moreover, Llano has not alleged that defendants violated REALA. Although Llano has alleged that defendants did not abide by USPAP standards, this allegation is included to show that defendants breached their duty to Impac, its successors and assigns, and third parties who were assured they could rely on the appraisal as compliant with industry standards. As at least one Illinois court has held, a plaintiff may cite USPAP standards to demonstrate how a defendant breached an adequately pleaded duty to exercise due care. *See Kelley v. Carbone*, 361 Ill. App. 3d 477, 483, 837 N.E.2d 438, 443 (2005).

Defendants further assert that Llano has failed to allege sufficient facts that render plausible its allegations that defendants made negligent misrepresentations or were professionally negligent. Llano's complaint in this case is substantially similar to the complaint in *Lendzion,* in which the Court found otherwise. For the reasons stated in this Court's opinion in *Lendzion,* the Court concludes that if Llano was indeed

assigned all tort claims from Impac and Deutsche Bank, it has stated claims for negligent misrepresentation and professional negligence. *See Lendzion*, 2016 WL 930660, at *8.

## Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss in part [dkt. no. 18] and gives plaintiff until April 20, 2016 to file a proposed amended complaint. The case is set for a status hearing on April 27, 2016 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 24, 2016